# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON RAY MANESS,<br><br>        Petitioner,<br><br>   v.<br><br>JAMES D. HARTLEY, Warden<br><br>        Respondent. | 1:08-cv-01732-LJO-SMS (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS PETITION<br><br>[Doc. 17] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation serving an indeterminate life sentence for murder. In the instant petition, Petitioner does not challenge the validity of the conviction; rather, he challenges a finding of unsuitability of parole by the Board of Parole.

Petitioner filed state court petitions in the Superior Court, California Court of Appeals, and California Supreme Court. (Petition, at p. 8, Exhibit A to Motion.)[1] On or about April 9, 2008, the California Supreme Court denied the petition. (See Ca. Sup. Court Docket case number S157116.)

---

[1] For ease of reference, the Court refers to the pages numbers as reflected in the Court's Case Management Electronic Filing System.

Petitioner filed the instant petition for writ of habeas corpus on November 12, 2008. (Court Doc. 1.) Respondent filed a motion to dismiss on March 20, 2009. (Court Doc. 17.) Petitioner filed an opposition on April 16, 2009. (Court Doc. 18.)

DISCUSSION

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair

opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in

3

> Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Mere reference to broad constitutional principles, such as due process and equal protection do not establish the exhaustion requirement. Gray v. Netherland, 518 U.S. 152, 162 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th Cir. 2000) (a claim is not "fairly presented" to the state court unless the petitioner "specifically indicated to that court that those claims were based on federal law"). The federal constitutional issue must be presented before the appropriate state court "within the four corners of his appellate briefing." Castillo v. McFadden, 399 F.3d 933, 1000 (9th Cir. 2005).

Respondent argues that the California Supreme Court Petition failed to present any federal constitutional claim challenging the finding of unsuitability of parole. The Court agrees. The Petition presented to the California Supreme Court alleged only an incorrect application of state law. Petitioner failed to argue, as he does in the present federal petition, that he was denied parole in the absence of some evidence of his current dangerousness and never made reference to a claim arising under federal law. Indeed, Petitioner specifically argued that "the lower court violated his due process rights and equal protection rights under the State Habeas Corpus law and the Calif. Rules of Court by failing to sufficiently inquire into whether the BPT decision making practices are arbitrary and capricious, or scripted acts designed to appear constitutional, but are wholly automation in its systematic manner of denying a life prisoner his entitlement to a normally set parole release date within the meaning of P.C. 3041." (Exhibit A, to Motion, Cal. Sup. Ct. Petition, at 6.) Although Petitioner made passing reference to the broad constitutional principles of due process and equal protection rights, he presented it in the context of a violation

| | |
|---|---|
| 1 | of state law and mere reference to such broad constitutional principles, does not satisfy the |
| 2 | exhaustion requirement. See <u>Gray v. Netherland</u>, 518 U.S. at 162; <u>Shumway v. Payne</u>, 223 F.3d |
| 3 | at 998. Therefore, because Petitioner failed to present any federal constitutional issues to the |
| 4 | California Supreme Court, he has not adequately exhausted the state court remedies and the |
| 5 | instant petition must be dismissed without prejudice. |

<u>RECOMMENDATION</u>

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition as unexhausted be GRANTED; and

2. The instant petition for writ of habeas corpus be DISMISSED without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    May 15, 2009**                          /s/ Sandra M. Snyder
                                                          UNITED STATES MAGISTRATE JUDGE